**Andres Camacho RIOS, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 02-72815.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Luis E. Perez, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Andres Camacho Rios, a native and citizen of Peru, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and we deny the petition for review.

The IJ improperly concluded that Rios was not credible because although Rios' asylum application did not specify that he received threats asking him to collaborate in a scheme to misappropriate chemicals, the application stated that he was directly threatened. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000).

Substantial evidence, however, supports the IJ's determination that the two or three anonymous threats against Rios were, without more, insufficient to demonstrate past persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). Substantial evidence also supports the IJ's determination that Rios' fear of future persecution was based on his position as a stevedore, which gave him access to ships carrying chemicals, and not on account of an enumerated ground. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

By failing to qualify for asylum, Rios necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez-Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

We deny as moot Rios' motion to stay removal pending a decision on his petition for review.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.